# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULISES OROZCO,<br><br>   Petitioner,<br><br> v.<br><br>UNKNOWN,<br><br>   RESPONDENT. | Case No. 1:13-cv-01609-SAB-HC<br><br>ORDER CONSTRUING MOTION FOR EXTENSION OF TIME AS PETITION FOR WRIT OF HABEAS CORPUS<br>[ECF NO. 1]<br><br>ORDER DISMISSING PETITION WITH LEAVE TO AMEND |

  Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

  On September 5, 2013, Petitioner submitted a motion for extension of time to the Sacramento Division of this Court. The motion was opened as a habeas case. Because the matter concerned a conviction in Fresno County Superior Court, it was transferred to the Fresno Division.

  Petitioner's motion essentially requests that the Court rule immediately on the issue of timeliness prior to the actual filing of a petition. This is improper procedure insofar as a motion does not commence a habeas action. Pursuant to 28 U.S.C. § 2242 and Rule 2 of the Rules Governing Section 2254 Cases, Petitioner is advised that the initial filing must be a petition for writ of habeas corpus. In addition, the statute of limitations is an affirmative defense normally

presented in a motion to dismiss filed by the respondent. District courts are permitted to consider the untimeliness of a petition sua sponte, but the "petition's untimeliness must . . . be clear from the face of the petition itself." <u>Kilgore v. Attorney General of Colorado</u>, 519 F.3d 1084, 1089 n. 4 (10th Cir.2008). As previously stated, there is no petition before the Court.

Insofar as it appears from Petitioner's motion that he is seeking habeas relief, the Court will construe the motion as a petition. However, the motion is completely deficient as a petition since it fails to specify any grounds for relief, any facts in support, and the relief requested. <u>See</u> Rule 2 of the Rules Governing Section 2254 Cases. Petitioner also fails to name a proper respondent. <u>Id</u>. Petitioner will be provided an opportunity to file an amended petition in compliance with 28 U.S.C. § 2254 and the Rules Governing Section 2254 Cases. The Clerk of Court will be directed to provide him with the standard form for filing habeas cases, and Petitioner is advised to complete the form or substantially follow the form. <u>See</u> Rule 2(d) of the Rules Governing Section 2254 Cases. If Petitioner desires not to present a habeas petition at this time, he is advised to file a notice of voluntary dismissal.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The motion for extension of time is CONSTRUED as a habeas petition;

2) The petition for writ of habeas corpus is DISMISSED with leave to amend;

3) The Clerk of Court is DIRECTED to provide Petitioner with the standard form for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254; and

4) Petitioner is GRANTED thirty (30) days to file an amended petition, or in the alternative, a notice of voluntary dismissal.

IT IS SO ORDERED.

Dated:   **October 29, 2013**

UNITED STATES MAGISTRATE JUDGE