# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULISES OROZCO,<br><br>    Petitioner,<br><br>    v.<br><br>UNKNOWN,<br><br>    RESPONDENT. | Case No. 1:13-cv-01609-SAB-HC<br><br>ORDER DISMISSING PETITION WITHOUT PREJUDICE<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND TERMINATE CASE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

On September 5, 2013, Petitioner submitted a motion for extension of time to the Sacramento Division of this Court. The motion was opened as a habeas case. Because the matter concerned a conviction in Fresno County Superior Court, it was transferred to the Fresno Division.

On October 29, 2013, the Court reviewed Petitioner's motion. Petitioner was advised that a habeas action could not proceed on a motion. He was informed that pursuant to 28 U.S.C. § 2242 and Rule 2 of the Rules Governing Section 2254 Cases, the initial filing must be a petition for writ of habeas corpus. Accordingly, the Court construed his motion as a petition, but found it deficient as such because Petitioner did not specify any grounds for relief or any facts in

1  support, and he failed to name a proper respondent. The petition was then dismissed, and
2  Petitioner was provided with a blank form petition and granted thirty days to file an amended
3  petition in accordance with Rule 2(d) of the Rules Governing Section 2254 Cases. Over thirty
4  days have passed and Petitioner has failed to comply or respond in any manner. Therefore, the
5  petition will be dismissed without prejudice to refiling. Nevertheless, the Court makes no
6  finding regarding the timeliness of any future petition; Petitioner remains subject to the one year
7  statute of limitations imposed by 28 U.S.C. § 2244(d). Although the limitations period is tolled
8  while a properly filed request for collateral review is pending in state court, 28 U.S.C. §
9  2244(d)(2), it does not toll for the time an application is pending in federal court. Duncan v.
10 Walker, 531 U.S. 991 (2001).

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED without prejudice; and

2) The Clerk of Court is DIRECTED to enter judgment and terminate the case.

IT IS SO ORDERED.

Dated:   **January 7, 2014**

UNITED STATES MAGISTRATE JUDGE

2